**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EQUITAS DISABILITY ADVOCATES, LLC,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**DALEY, DEBOFSKY AND BRYANT P.C., and JONATHAN FEIGENBAUM,**<br><br>       **Defendants.** | **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY**<br><br>      **Case No. : 1:15-cv-00611-RDM** |

This suit centers on the confirmation or vacatur of an arbitration award ("Award") issued on December 15, 2014 by retired United States District Court Judge James Robertson ("Judge Robertson"). This Court is urged to enter a stay in this action pending the outcome of an earlier filed confirmation suit in the Commonwealth of Massachusetts.

The Suffolk Superior Court had set a hearing for May 5, 2015 to confirm the Award, but it is anticipated that that hearing will be moved to the week of May 11, 2015, most likely May 14. The instant suit and the suit pending in the Suffolk Superior Court involve identical parties and subject matter. Halting this proceeding pending the outcome of the May, 2015 hearing is in the best interest of all parties and judicial economy.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

### A.  Defendants Filed Suit in Suffolk Superior Court to Confirm the Award Almost 60 Days Prior to Plaintiff Serving the Suit That is Now Before This Court.

On February 12, 2015, Daley DeBofsky & Bryant, PC ("DDB") and Jonathan M. Feigenbaum ("Feigenbaum") commenced an action to confirm Judge Robertson's Award in the

1

Suffolk Superior Court under the Massachusetts Arbitration Act, Mass. Gen. Laws c. 251 §11. On February 23, 2015, DDB and Feigenbaum effected service on Equitas.  On April 8, 2015, DDB and Feigenbaum filed and served a First Amended Complaint to Confirm Arbitration Award ("First Amended Complaint").  See First Amended Complaint, attached hereto as Exhibit A.  In the First Amended Complaint, DDB and Feigenbaum seek to confirm the Award under either the Massachusetts Arbitration Act, G.L. c. 251 §11, or the Federal Arbitration Act, 9 U.S.C. § 9, or, if applicable (which DDB and Feigenbaum plead in the alternative only), the Revised Uniform Arbitration Act of the District of Columbia, D.C. Code §16-4422. Id.

On March 13, 2015, Plaintiff Equitas Disability Advocates LLC ("Equitas") commenced this action in the District of Columbia Superior Court seeking to vacate Judge Robertson's Award. Equitas served DDB and Feigenbaum with a summons and motion on April 13, 2015, and April 14, 2015, respectively. On April 23, 2015, DDB and Feigenbaum timely removed the DC Superior Court action to this Court on the basis of diversity of citizenship jurisdiction.

On March 27, 2015, Equitas' counsel in Massachusetts served a two page Motion to Enlarge, which is, in reality, a motion to stay, on DDB and Feigenbaum. See Exhibit B attached hereto. The Motion to Enlarge requests that the Suffolk Superior Court stay the proceedings based on the latter filed action in the DC Superior. DDB and Feigenbaum opposed the Motion to Enlarge. See Opposition attached hereto as Exhibit C.  The Suffolk Superior Court has not yet ruled on the Motion to Enlarge. Currently, the confirmation hearing remains scheduled for May 5, 2015, but, counsel is advised, will be moved to the week of May 11, 2015, most likely May 14.

As of April 28, 2015, Equitas has not filed an Answer or other response to the original

Complaint filed on February 12, 2015, nor the First Amended Complaint, dated April 8, 2015;

nor has it otherwise sought to defend against the substance of either complaint.

**B.  The Contracts Between Feigenbaum, DDB and Equitas Required Resolving Disputes at JAMS Under Streamlined Rules But Did Not Specify A Venue for Confirmation or Vacatur.**

In 2008, DDB and Feigenbaum entered into a number of alleged agreements with Equitas

and other law firms to litigate certain insurance cases. See Exhibit A pp. 24-62.  At the time,

Equitas was a Washington, DC based law firm[1] formed by Joshua N. Rose, Esquire, a

Washington, DC attorney, its majority owner, and non-attorney Brian Abeles, a minority equity

holder. See Exhibit A pp. 5, 64.[2]  DDB was a law firm organized as a professional corporation

under the laws of Illinois and Feigenbaum was a resident of and licensed attorney practicing in

Massachusetts.

On December 20, 2013, Equitas, through its counsel of Zuckerman Spaeder LLP

(attorneys Marcos Hasbun, Ellen Marcus and Vivek Rao), made a written demand for Arbitration

against Feigenbaum and others, by delivering a demand to arbitrate to Feigenbaum in Boston,

Massachusetts and to DDB in Chicago, Illinois, styled as Equitas Disability Advocates LLC

Claimant v. Daley, DeBofsky & Bryant LLC and Jonathan M. Feigenbaum, Respondents, JAMS

Streamlined Arbitration No. 1410006450. See Exhibit A p. 13 ("Enclosed please find a copy of a

demand for arbitration...which contains the entire contracts at issue containing the arbitration

---

[1] Under DC's unique bar rules, a non-lawyer may have an equity stake in a DC law firm. "A lawyer may practice law in a partnership or other form of organization in which a financial interest is held or managerial authority is exercised by an individual nonlawyer who performs professional services which assist the organization in providing legal services to clients." DC Bar Rule 5.4 b.

[2] In 2011, Mr. Rose resigned from Equitas. He tendered his entire right, title and interest in Equitas to either Equitas or Brian Abeles. Brian Abeles continued to represent to the public that Equitas was a law firm. See EXHIBIT D p. 5.

clause....”). Equitas alleged that both Feigenbaum and DDB owed to Equitas a significant sum of legal fees. Id.

Beginning on December 8, 2014, Judge Robertson conducted a merits hearing at the Washington, DC office of JAMS, attended by Feigenbaum, DDB and Equitas. See Exhibit A p. 65. The hearing ended on December 10, 2014, and Judge Robertson gave each party until December 12, 2014 to file supplemental materials. Id.  On December 15, 2014, Judge Robertson entered a written Award. Judge Robertson awarded DDB and Feigenbaum the sum of $24,562.06, and nothing to Equitas. Id. at p. 69.

## 1.   The Award May Be Enforced in Any Court of Competent Jurisdiction Pursuant to State Laws or the Federal Arbitration Act.

The agreements which were contested at the arbitration between Feigenbaum, DDB and Equitas provide, “Judgment may be entered into in any court of competent jurisdiction to enforce any final decisions by arbitrators.” Id. at p. 38, Strategic Alliance Co-Counsel Agreement dated May 27, 2008, at page 15, paragraph (g); Id. at p. 56, Fulcrum-Alliance Archive Sublicense Agreement, at page 10, paragraph 17.2. The arbitration language in the agreements does not specify the venue of a confirmation or vacatur action –whether in the DC Superior Court, US District Court for the District of Columbia, or otherwise. In addition, Rule 20 of the JAMS Streamline Rules (Enforcement of the Award) provides:

> Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, et. seq., or applicable state law. The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof.

See http://www.jamsadr.com/rules-download-rules/.

Given that the underlying agreements involved interstate commerce between law firms in

Boston and Chicago, and a former DC law firm, and that the arbitration at JAMS involved

interstate commerce in the same regard, enforcement under the Federal Arbitration Act ("FAA")

is appropriate. See 9 U.S.C. §§ 1–2 (disputes involving interstate commerce fall within scope of

Federal Arbitration Act); Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119, 121 S.Ct. 1302,

149 L.Ed.2d 234 (2001).  Furthermore, the choice of law provisions contained in the Strategic

Alliance Co-Counsel Agreement and Fulcrum-Alliance Archive Sublicense Agreement do not

purport to incorporate the jurisdiction's procedural rules.  In such an instance, courts have often

read the provision consistently with the Federal Arbitration Act.  Mastrobuono v. Shearson

Lehman Hutton, Inc., 514 U.S. 52, 62 (1995) (holding the ambiguous choice-of-law provision

clause only incorporated the state's substantive law, not its procedural arbitration statute).

## II.     THIS ACTION SHOULD BE STAYED PENDING THE OUTCOME OF THE MAY 5, 2015 HEARING IN THE SUFFOLK SUPERIOR COURT BASED UPON JUDICIAL ECONOMY AND PRECLUSION OF DUPLICATIVE LITIGATION.

Given that the Suffolk Superior Court suit was filed first, this Court should stay the

proceeding until after the outcome of the May, 2015 hearing in Boston. The ultimate reason that

this Court should enter a stay is for purposes of judicial economy for the Courts and litigants. A

short delay does not harm any of the parties.

This Court has the inherent power to stay any action "to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (citation omitted). Courts have

broad discretion to grant a stay pending the resolution of independent proceedings elsewhere that

potentially bear upon the outcome of the case in which the stay is sought. ibt/here Emp. Rep.

Council v. Gate Gourmet Div. Am., 402 F. Supp. 2d 289, 292 (D.D.C. 2005). Under such

circumstances, the trial court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it." Id. at 292.  The prospect of litigating the same issue in two distinct Courts "is not in the interest of judicial economy or in the parties' best interests." Naegele v. Albers, 355 F.Supp.2d 129 (D.D.C.2005).

Deference should be given to the first filed suit in Boston under the First Filed Rule.  See Villa v. Salazar, 933 F.Supp.2d 50, 54 (D.D.C.2013)( the D.C. Circuit "views this 'first-filed' concept as a guide, not a rule, and requires weighing equitable considerations in determining whether to transfer a case."). At a minimum, the prior-pending-action doctrine provides additional support to stay this action based on, "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." O'Reilly v. Curtis Pub. Co., 31 F.Supp. 364, 364–65 (D.Mass.1940).

Universal Gypsum of Georgia, Inc. v. American Cyanamid Co., is an often cited case listing factors to consider when deciding whether to stay or to dismiss based on a prior pending suit; the factors are:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy
> and extent of relief available in the alternative forum; (4) identity of parties and
> issues in both actions; (5) likelihood of prompt disposition in the alternative
> forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of
> prejudice to a party as a result of the stay [or dismissal].

390 F.Supp. 824, 827 (S.D.N.Y.1975).

Applied to the instant case, the first three factors favor a stay. Given that this case is expected to be resolved under the Federal Arbitration Act in either Massachusetts or the District of Columbia, deference should be given to the first filed action, in Massachusetts. The fourth

factor favors a stay as the parties are identical. The fifth factor favors a stay because the hearing

in Massachusetts is set for May, 2015. The sixth factor favors a stay as Feigenbaum is in

Massachusetts and no party is in DC. The seventh factor favors a stay as there is no reason to

believe that a Massachusetts Superior Court judge cannot apply the FAA. Therefore, a stay is

appropriate.

      Although "no precise rule has evolved" to govern such situations, there is a general

principle that courts should "avoid duplicative litigation." Colo. River Water Conservation Dist.

v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (citations omitted).

Merely because there are not two parallel federal court suits, but one state court action and one

federal court action makes no difference. See Reiman v. Smith, 12 F.3d 222, 223–25

(D.C.Cir.1993) (applying Colorado River abstention analysis to parallel Superior Court

proceeding)[3]; see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169,

1173–74 (11th Cir.1982) (extending the first-filed doctrine where one case is in state court and

the other in federal court).

      In analyzing abstention under the principles of Colorado River, the Supreme Court noted

that the analysis "rest [s] not on considerations of state-federal comity, ... but on considerations

of wise judicial administration, giving regard to conservation of judicial resources and

comprehensive disposition of litigation." Moses H. Cone Memorial Hospital v. Mercury

Construction Corp. 460 U.S. 1, 14–15, 103 S.Ct. 927, 936–37, 74 L.Ed.2d 765 (1983) (internal

quotation marks omitted).  While DDB and Feigenbaum are not asking for a dismissal based on

abstention principles, this same analysis can serve as a guide for making a determination as to

---

[3] Of course, DDB and Feigenbaum are not seeking dismissal of this action under abstention principles but only that
the Court exercise its discretion to stay this matter pending an impending result in an earlier filed case.

whether to stay this action.

Colorado River analysis takes into consideration six factors:

(1) whether one court has first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; *see Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236; (5) the source of the law that will provide the rules of the decision; and (6) the adequacy of the state court proceeding to protect the rights of the parties. *See Moses H. Cone,* 460 U.S. at 24–26, 103 S.Ct. 927. A district court's analysis of the above factors should not be mechanical, but rather the district court should carefully balance the factors that apply to the given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16, 103 S.Ct. 927. In addition, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River,* 424 U.S. at 818– 19, 96 S.Ct. 1236; *see also Reiman v. Smith,* 12 F.3d 222, 224 (D.C.Cir.1993) (citing *Johns v. Rozet,* 770 F.Supp. 11 (D.D.C.1991) as an example of a case that properly engaged in balancing the *Colorado River* factors)).

*Sheehan v. Koonz*, 102 F. Supp. 2d 1, 3 (D.D.C. 1999).

Even if the more rigorous Colorado River analysis were to be applied to the current motion, in which the relief sought is merely a stay rather than a dismissal, the factors to be applied in such analysis support the relief sought.  The first factor need not be taken into consideration, because Equitas, DDB and Feigenbaum are not disputing over real property. The second factor weighs slightly in favor of a stay as litigating in the federal forum is of equal inconvenience to all parties as none of the litigants are based in DC. They can be found in Florida, Illinois and Massachusetts. The third factor weighs in favor of a stay as the underlying confirmation and vacatur laws are virtually identical. The fourth factor weighs in favor of a stay as DDB and Feigenbaum filed in Massachusetts first. The fifth factor weighs in favor of a stay, because the Federal Arbitration Act, whether enforced in this Court or in Massachusetts, will control the outcome. The sixth factor weighs in favor of a stay as there is no reason to believe that Equitas will be disadvantaged by the Suffolk Superior Court. In sum, the pending state-court

action renders adjudication of this action a "truly duplicative proceeding." <u>Complaint of Bankers</u> <u>Trust Co. v. Chatterjee</u>, 636 F.2d 37, 40 (3d Cir.1980), and therefore, a stay is appropriate.

DDB and Feigenbaum are presently not asking that this Court dismiss this case because of the prior filed Massachusetts case, only that it stay this matter pending the imminent ruling from the Massachusetts Superior Court.  Such relief is appropriate as promoting judicial economy and avoiding duplicative litigation. For that reason DDB and Feigenbaum submit that this motion should be granted.

Respectfully submitted,

THOMPSON O'DONNELL, LLP

*/s/ Autumn R. Agans*
Randell Hunt Norton, # 187716
rhn@tomnh.com
Kenneth G. Stallard, # 419443
kgs@tomnh.com
Autumn R. Agans, # 1020665
ara@tomnh.com
4100 N. Fairfax Drive, Suite 740
Arlington, VA 22203
202.289.1133

*Attorneys for Defendants*
Jonathan Feigenbaum
Daley, DeBofsky and Bryant P.C.