**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EQUITAS DISABILITY ADVOCATES, LLC,** | |
| **Plaintiff,** | **Case No. : 1:15-CV-00611-RDM** |
| **v.** | |
| **DALEY, DEBOFSKY AND BRYANT P.C., and JONATHAN FEIGENBAUM,** | |
| **Defendants.** | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO
VACATE ARBITRATION AWARD OF RETIRED UNITED STATES DISTRICT
COURT JUDGE JAMES ROBERTSON AND IN SUPPORT OF DEFENDANTS'
MOTION TO CONFIRM THE ARBITRATION AWARD**

### Introduction

On March 13, 2015, Plaintiff, Equitas Disability Advocates LLC ("Equitas"), filed suit in

the D.C. Superior Court to vacate an arbitration award ("Award") under the Revised Uniform

Arbitration Act of the District of Columbia D.C. Code §16-4425 and 4423 ("DC Arbitration

Act") and Rule 71-1 of the District of Columbia Rules of Civil Procedure.  Document No. 2-4 in

Court's Electronic Case Filing docket for this case (hereinafter "EFC No. 2-4"), pages 4-5.

Equitas had initiated the underlying arbitration and alleged Jonathan M. Feigenbaum

("Feigenbaum") a Boston lawyer, and Daley DeBofsky & Bryant, PC ("DDB"), an Illinois law

firm, owed to it a portion of legal fees that they had earned representing individuals in disability

insurance claims.  Equitas contends that the Arbitrator, retired United States District Court Judge

James Robertson ("Judge Robertson"), abused his discretion in denying Equitas' November 26, 2014 demand to continue indefinitely the merits hearing scheduled for December 8 – 10, 2014.

Defendants oppose Equitas' motion for several reasons.  First, in this case, the underlying agreements between Feigenbaum, DDB and Equitas (between a Boston law firm, a Chicago law firm and a former DC law firm, now controlled by a non-lawyer who is a citizen of Florida, respectively) involved interstate commerce and therefore fall within the scope of the Federal Arbitration Act ("FAA"), which preempts the DC Arbitration Act.  Section 12 of the FAA requires service of a motion to vacate within three months of a final arbitration award.  Equitas failed to meet that deadline.  As a consequence the Court must confirm the Award with timely request herein made (within 1 year from issuance of the award).  *See,* 9 U.S.C. § 9.[1]  Second, Judge Robertson gave careful consideration to Equitas' last-minute request for continuance; Judge Robertson did not abuse his discretion under the standard set out in the FAA or the DC Arbitration Act.  Third, Judge Robertson determined that Feigenbaum and DDB proved by a preponderance of the credible evidence that they had a legal defense to Equitas' claims pursuant to Restatement of Contracts (Second) §§ 153-154.  As a result, even if Judge Robertson had granted Equitas' request for a continuance, the outcome of the arbitration hearing would have been the same.

### I.    This Court Must Confirm The Arbitration Award Under the Federal Arbitration Act And Deny Equitas' Motion To Vacate Under The Revised Uniform Arbitration Act Of The District Of Columbia

The underlying agreements between Feigenbaum, DDB and Equitas involved interstate commerce between them, and therefore fall within the scope of the FAA.  *See* 9 U.S.C. §§ 1–2 (disputes involving interstate commerce fall within scope of Federal Arbitration Act); *Circuit*

---

[1] Because the same arguments compel both a denial of Equitas' motion to vacate and a confirmation of Judge Robertson's Award, this same memorandum of points and authorities is submitted in support of both the Opposition to the Motion to Vacate and the Motion to Confirm.

*City Stores, Inc. v. Adams*, 532 U.S. 105, 119, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001).  Equitas'

motion to vacate the Award under the DC Arbitration Act is preempted under the FAA. *See*

*Preston v. Ferrer*, 552 U.S. 346, 349, 128 S. Ct. 978, 981, 169 L. Ed. 2d 917 (2008)(holding

"when parties agree to arbitrate all questions arising under a contract, state laws lodging primary

jurisdiction in another forum whether judicial or administrative, are superseded by the FAA.").

It is well settled that state arbitration laws must yield to the FAA when the dispute

involves interstate commerce. *Nitro-Lift Technologies, L.L.C. v. Howard*, 133 S. Ct. 500, 503,

184 L. Ed. 2d 328 (2012). The FAA governs agreements to arbitrate disputes involving interstate

commerce.  *See Contech Const. Products, Inc. v. Heierli*, 764 F. Supp. 2d 96, 107-108 (D.D.C.

2011) (holding agreement containing choice of law provision is not sufficient to opt-out of the

FAA). There the Court held that merely stating that arbitration would take place in D.C., and that

Delaware law governed the agreements was not sufficient to escape the FAA. *Id*. The intent to

avoid the FAA does not rise by implication. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,*

514 U.S. 52, 59, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (finding that the FAA preempted the

New York rule prohibiting punitive damage awards by arbitrators because the parties

demonstrated no contractual intent to opt out of the FAA even with the adoption of a choice of

law clause). "*Mastrobuono* makes clear that an opt out clause must be explicit to be effective."

*Contech Const. Products, Inc.*, 764 F. Supp. 2d 96 at 108.  Feigenbaum, DDB and Equitas never

agreed that the DC Arbitration Act applied, nor did the parties explicitly opt out of the FAA.  As

a result, the FAA controls the outcome of this matter, and the Award must be confirmed.

Under the FAA, an aggrieved party must serve notice of its petition or motion to vacate

under the FAA "within three months" after the award was "filed or delivered." 9 U.S.C. § 12.

The three-month deadline may not be resurrected as a counterclaim.  *See Glaser v. Legg*, 928 F.

Supp. 2d 236, 239-40 (D.D.C. 2013) (collecting cases from the 2d, 6th, 7th and 8th Circuit

Courts of Appeals prohibiting a vacatur actions after 3 months asserted as a counterclaim).

Equitas failed to seek vacate the Award under the FAA within three monthsdays of December

30, 2014, the day the arbitration award became final under JAMS Rule 19(j):

> The Award is considered final, for purposes of judicial proceeding to enforce,
> modify or vacate the Award pursuant to Rule 20, fourteen (14) calendar days after
> issuance. *See http://www.jamsadr.com/rules-streamlined-arbitration/ (last viewed
> June 8, 2015)*

Equitas failed to bring an action for vacatur under the FAA by March 30, 2015 and it no longer

has the ability to challenge Judge Robertson's arbitration award.[2]  A party seeking confirmation

of an arbitration award under the FAA has up to one year to serve an action to confirm. *See* 9

U.S.C. § 9. (…the court shall be entered upon the award made pursuant to the arbitration, and

shall specify the court, then at any time within one year after the award is made….).  Defendants'

request to confirm is thus timely under the FAA.[3]  On this basis, the Court is urged to deny

Equitas' motion to vacate the Award, and instead to grant Defendants' request to confirm the

Award under the Federal Arbitration Act.

---

[2] JAMS Streamlined Arbitration Award was dated and served on December 15, 2014.  ECF No.
2-4, Pages 7-13.  Equitas' vacatur action filed on March 13, 2015 in D.C. Superior Court, and
served in mid-April 2015, does not include request for relief under the FAA and it is too late to
amend this action under the FAA's strict timeliness provisions.

[3] Under both the FAA and the DCRAA, if a motion to vacate is denied, the Court shall confirm
the arbitration award. *Owen-Williams v. BB & T Inv. Servs., Inc.*, 717 F. Supp. 2d 1, 20 (D.D.C.
2010) *quoting Hall St. Associates, L.L.C. v. Mattel, Inc., 5*52 U.S. 576, 587, 128 S. Ct. 1396,
1405, 170 L. Ed. 2d 254 (2008), DC Code §16-4423 (e).

II.     **The Arbitration Award by Judge Robertson Withstands Review Under Both the FAA and the DC Arbitration Act.**

    a.   **Judge Robertson's Decision To Deny The Last Minute Motion For A Continuance Did Not Make Him Guilty of Misconduct.**

Under the FAA, an award should be vacated only in a limited number of very specific

instances:

> In any of the following cases the United States court in and for the district
> wherein the award was made may make an order vacating the award upon the
> application of any party to the arbitration—
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of
> them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the
> hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent
> and material to the controversy; or of any other misbehavior by which the rights
> of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them
> that a mutual, final, and definite award upon the subject matter submitted was not
> made.

9 U.S.C. § 10 (a).  Similarly, the DC Arbitration Act § 16–4423 requires the following:

> (a) Upon motion to the court by a party to an arbitration proceeding, the court
> shall vacate an award made in the arbitration proceeding if:
>     (1) The award was procured by corruption, fraud, or other undue means;
>     (2) There was:
>         (A) Evident partiality by an arbitrator appointed as a neutral
>     arbitrator;
>         (B) Corruption by an arbitrator; or
>         (C) Misconduct by an arbitrator prejudicing the rights of a party to
>     the arbitration proceeding;
>     (3) An arbitrator refused to postpone the hearing upon showing of
> sufficient cause for postponement, refused to consider evidence material to the
> controversy, or otherwise conducted the hearing contrary to § 16-4415, so as to
> prejudice substantially the rights of a party to the arbitration proceeding;
>     (4) An arbitrator exceeded the arbitrator's powers;
>     (5) There was no agreement to arbitrate; or
>     (6) The arbitration was conducted without proper notice of the initiation of
> an arbitration as required in § 16-4409 so as to prejudice substantially the rights of
> a party to the arbitration proceeding.

Both statutes cite to misconduct in relation to the denial of a request for postponement as a possible basis for an arbitration award to be vacated.  Equitas argues in its Request to Vacate that Judge Robertson's denial of the request for a last-minute continuance was misconduct justifying vacating the Award and remanding this matter for a new hearing before a new arbitrator. However, the allegations made in support of  the request for a continuance as well as Judge Robertson's careful consideration of Equitas' demand demonstrate that there was no misconduct by Judge Robertson, and that Equitas failed to proffer sufficient grounds for granting a last minute request.  Equitas admits that it was having disputes with its counsel as early as July 2014, yet waited until the end of November 2014 to seek a continuance based on a claim that it had an irretrievable break-down with its counsel.

On December 20, 2013, Equitas commenced an arbitration action with the Washington DC office of JAMS against Feigenbaum, DDB, and individual attorneys at DDB.  ECF No. 2-4, Pages 31-40.  Equitas, DDB and Feigenbaum had entered into a number of agreements to cooperatively litigate claims of individuals against disability insurance companies. The agreements provide for the resolution of disputes solely through JAMS streamlined arbitration rules in Washington, D.C.

Three attorneys from Zuckerman Spaeder entered appearances for Equitas.  Equitas alleged that even though it was no longer a law firm, and its sole owner was not an attorney, Feigenbaum and DDB owed to it substantial sums of money as a share of legal fees that they had allegedly recovered for their clients against disability insurance companies.  Feigenbaum and DDB denied that they owed anything to Equitas.

On August 15, 2014, Feigenbaum, DDB, Equitas and their respective counsels agreed to conduct a merits hearing beginning the week of December 8, 2014 before Judge Robertson.  Late

in the day on Wednesday, November 26, 2014, which was the day before Thanksgiving, Equitas for the first time served a motion for a continuance. On December 1, 2014, Judge Robertson denied the motion for a continuance. Equitas again requested a continuance and, on December 5, 2014, Judge Robertson denied that request.

On December 8, 9 and 10, 2014, Judge Robertson conducted a merits hearing. After reviewing the documentary evidence, listening to testimony, and making credibility assessments based on that testimony, on December 15, 2014, Judge Robertson issued an Award granting nothing to Equitas, and awarding $24,562.06 to Feigenbaum and to DDB.

Equitas failed to demonstrate to Judge Robertson "upon sufficient cause shown" why a continuance should have been granted so close to the merits hearing date. The burden that Equitas needs to show is great. "[I]f there exists a reasonable basis for the arbitrators' decision not to grant a continuance, the Court will be reluctant to interfere with the award on these grounds. *Naing Int'l Enterprises, Ltd. v. Ellsworth Associates, Inc.*, 961 F. Supp. 1, 3 (D.D.C. 1997). "Arbitrators are to be accorded a degree of discretion in exercising their judgment with respect to a requested postponement." *Fairchild & Co. v. Richmond, F. & P. R. Co.*, 516 F. Supp. 1305, 1313 (D.D.C. 1981). In addition to this standard announced by the District Courts within the DC Circuit, the Fifth Circuit, Eighth Circuit and Eleventh Circuit afford similar deference to the Arbitrator upholding a refusal to postpone a hearing on grounds of "any reasonable basis." *See, e.g.*, *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 400 (5th Cir.2006); *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1016 (11th Cir.1998); *DVC–JPW Investors v. Gershman*, 5 F.3d 1172, 1174 (8th Cir.1993).

The standard for reviewing an arbitrator's refusal to grant a continuance is the same even if the provisions of the District of Columbia Revised Arbitration Act (DCRAA) would govern

7

this case.  ""`[F]ederal court decisions construing and applying the federal arbitration act may be regarded as persuasive authority in construing and applying the corresponding provisions of the District of Columbia arbitration act. . . .'" *Bolton v. Bernabei & Katz PLLC*, 954 A.2d 953, 960 n. 5 (D.C.2008) (quoting *Tauber, M.D. & Assoc. v. Trammell Crow Real Estate Services, Inc.,* 738 A.2d 1214, 1217 n. 6, which quoted *Hercules & Co. v. Beltway Carpet Serv.,* 592 A.2d 1069, 1073 (D.C.1991)).  Not only was *Bolton* decided after the DCRAA was enacted, but a more recent decision by the D.C. Court of Appeals makes clear that there was nothing in the comments of the National Conference of Commissioners on Uniform State Laws (NCCUSL ) relating to what became §16-4423 of the DCRAA that "even remotely suggests an intent to fundamentally change the nature of judicial review of arbitration awards[,]" and that the D.C. Council in enacting the revised uniform act, "also was cognizant of the need for uniformity with the federal act." *A1 Team USA Holdings LLC v. Bingham-McCutchen, LLP*, 998 A.2d 320, 324 (D.C. 2010).[4]

Under both the FAA, as demonstrated above, and the DCRAA, "[j]udicial review of an arbitrator's decision is extremely limited, and a party seeking to set it aside has a heavy burden." *Bolton,* 954 A.2d at 959 (quoting *Lopata v. Coyne,* 735 A.2d 931, 940 (D.C.1999)). In reviewing a motion to vacate based on an arbitrator's decision to deny a continuance, "[t]he arbitrator is allowed a considerable amount of discretion 'in order to attain a balance between the need for 'speedy, inexpensive' dispute resolution, on the one hand, and the need to establish 'justified confidence' in arbitration among the public, on the other.'" *Capozio v. American Arbitration Ass'n,* 390 A.2d 611, 615 (D.C. 1985)(quoting *Brandon v. Hines,* 439 A.2d 496, 509

---

[4] "[T]here is support in the drafting history of the revised act that the NCCUSL never intended to abandon the standard of narrow and extremely limited judicial review of an arbitration award." *Id.* at 326.

(D.C.1981)).  In denying a motion to vacate the arbitration award the *Copozio* court made clear

that a party seeking to vacate must show more than that the arbitrator denied a request for a

continuance.  In order to vacate an arbitration award for failure to grant a continuance the court

must determine that the challenging party "presented sufficient 'good cause' under the statute for

such an extension to require us to vacate the award on the grounds that the arbitrator abused his

discretion in not granting the motion." *Copozio*, 390 A.2d at 615.[5]  *Copozio* held that a request

for a continuance of unspecified length based on unspecified difficulties on the part of counsel to

prepare for the hearing, including a non-specific assertion that counsel was facing surgery, was

not sufficient "'good cause' to warrant our vacation of the arbitration award under D.C.Code §

16-4311(a)(4)." *Id.*  at 617, n. 9.

 Judge Robertson's reasons for denying Equitas's motions for a continuance were

explained in writing and are reasonable on their face. Judge Robertson provided thoughtful

grounds to deny Equitas's two last-minute motions to continue the merits hearing. Equitas had

agreed to the December 8-12, 2010 hearing dates almost 4 months before when Judge Robertson

entered an order on August 15, 2015. Equitas had to know that the Respondents and their counsel

had cleared their schedules and made travel plans. Equitas elected not to disclose that its counsel

had withdrawn from parallel litigation in the DC Superior Court in August 2014 with Equitas's

consent, and that Equitas knew in mid-October 2014 that the same counsel intended to withdraw

from the Arbitraiton.

Equitas, Feigenbaum and DDB had selected the JAMS streamlined procedures in their

underlying agreements.  They knew based on Judge Robertson's prior orders that the proceeding

had not been moving to resolution in a streamlined fashion.

---

[5] The provision of the DC Uniform Arbitration Act (DC Code §16-4311(a)(4)) that the *Copozio*
court applied is virtually identical to §16-4423(a)(3) in the current DCRAA.

On December 1, 2014, Judge Robertson entered an order denying Equitas's motion for a

continuance finding:

> Claimant's request for a postponement of the merits hearing scheduled for
> December 8 purports to be dated November 25 but was not received at JAMS
> until after the Thanksgiving holiday and was forwarded to the attention of the
> Arbitrator only this morning. It is opposed by Respondents, who have booked
> non-refundable travel to Washington, cleared their own calendars, prepared for
> trial, and given notice to an important witness that he will be required to attend
> and testify on Tuesday, December 9.
>
> A dispositive legal issue remains pending in this arbitration, namely, whether it
> was really the intention of the parties to include "Non-CA/MT Disability Claims
> Litigation" in their fee-sharing agreement. Respondents' assertion is that that was
> not their intent, and that, to the extent the language of the SACCA provides
> otherwise, it is "voidable for unilateral mistake or ... should be reformed to insert
> a 'Key Sentence' from an earlier draft whose last-minute deletion was allegedly
> concealed by the lawyer who drafted the agreement but in any event was
> unnoticed by JF and DDB when they signed." Memorandum Order of August 6,
> 2014.
>
> Respondents should be permitted to present that case, which is in the nature of an
> affirmative defense, without further delay. The parties did opt for the JAMS
> Streamlined Arbitration process, after all, and this proceeding has been anything
> but streamlined so far.
>
> Claimant's request for a postponement of the merits hearing is **denied.** See, JAMS
> Streamlined Rule 17(j)).

ECF No. 2-4, Page 59.

On December 5, 2014, Judge Robertson entered an order denying Equitas' second motion

for a continuance finding:

> Mr. Abeles: I am sitting in a hotel room in Philadelphia, having difficulty
> establishing an Internet connection for my iPad, running out of time before the
> opening hour of a scheduled mediation, and quite unable to open let alone read
> and understand the 14 attachments to the three emails you have just sent me. I will
> read them as soon as I can, but I want you and the others who have a stake in this
> suit to know that It is far too late for a continuance of your suit. We will begin on
> Monday morning with whatever we have. If you have no evidence to present, I
> will hear respondents' evidence and arguments on their affirmative defenses. If
> those defenses prevail, the case will be over. If not, and if I agree that your failure

to present evidence is excusable, I will consider -- I did not say grant, but consider
-- adjourning the proceeding until you can proceed.

ECF No. 2-4, Page 65.

Equitas has not met its heavy burden proving that Judge Robertson failed to offer "any

reasonable" basis for denying a continuance, or otherwise abused his discretion. Given this fact,

this Court must deny the relief sought by Equitas and confirm Judge Robertson's Award.

> **b. Judge Robertson Did Not Abuse His Discretion By Refusing to Grant A
> Continuance When Equitas Made A Tactical Choice To Seek A Continuance
> on November 26, 2014 for A Hearing on December 8, 2014 When Equitas
> Allowed Its Counsel to Withdraw Without Objection Long Before.**

The time-line that follows demonstrates that Judge Robertson did not abuse his discretion

in refusing to grant Equitas' demand for a continuance made shortly before the commencement

of the merits hearing. As detailed above, the parties had agreed on August 15, 2014 to conduct a

merits hearing on December 8 - 12, 2014. As a consequence, DDB, Feigenbaum and their

counsel cleared their respective calendars; they booked flights and made hotel reservations and

made all other necessary arrangement to appear in DC the week of December 8, 2014. The

history of the claim is as follows:

| EVENT DURING ARBITRATION | DATE |
|---|---|
| Equitas serves an arbitration demand on DDB and Feigenbaum. ECF No. 2-4, Pages 31-40. | December 20, 2013 |
| Equitas, Feigenbaum and DDB select Judge Robertson as the arbitrator who conducts a preliminary hearing. ECF No. 2-4, Page 45. | February 6, 2014 |
| Judge Robertson conducts a hearing on DDB's and Feigenbaum's motion to dismiss attended by all counsel and parties in Washington DC. Exhibit 1. | May 20, 2014 |
| Unbeknown to Feigenbaum or DDB, Equitas is having strategy disputes with Zuckerman Spaeder. Brian Abeles Affidavit, ECF No. 2-4, Page 25, ¶ 13. Exhibit 2. | July 2014 |
| Judge Robertson determines that material issues of fact remains and parties are ordered to | August 6, 2014 |

| | |
|---|---|
| choose hearing dates for testimony. *See,* Exhibit 1. | |
| With the consent of all parties and counsel Judge Robertson sets the merits hearing for December 8 – 12, 2014.  ECF No. 2-4, Page 46.  Exhibit 3. | August 15, 2014 |
| Zuckerman Spaeder with consent of Equitas files motion to withdraw in *Equitas v. David A. Bryant et al*, DC Superior Court 2014-CA-000804-B.  Exhibit 4; Document No. 8-3 in Court Docket ECF in Case No. 1:14-cv-01644, Pages 100-106. | August 26, 2014 |
| DC Superior Court order allowing Zuckerman Spaeder to withdraw as counsel for Equitas. Exhibit 5; Document No. 8-3 in Court Docket ECF in Case No. 1:14-cv-01644, Pages 109-110.. | September 5, 2014 |
| Attorney C. Allen Foster of Whiteford Taylor & Preston enters appearance for Equitas in *Equitas v. David A. Bryant et al*, C.A. 14-cv-01644-RDM, US District Court for the District of Columbia removed action formerly known as *Equitas v. David A. Bryant et al*, DC Superior Court 2014-CA-000804-B. Document No. 3 in ECF Court Docket in Case No. 1:14-cv-01644. | October 7, 2014 |
| Notice from JAMS re Last Day to Cancel Arbitration Hearing scheduled for December 8th.  ECF No. 2-4, Page 47. | October 9, 2014 |
| Zuckerman Spaeder advises Equitas and Equitas chooses not to disclose to DDB or Feigenbaum that Zuckerman Spaeder intends to withdraw from representing Equitas before Judge Robertson.  Brian Abeles Affidavit, ECF No. 2-4, Page 25, ¶ 14. | October 14, 2014 |
| Equitas notifies JAMS but does not notify Feigenbaum or DDB that it will be seeking new counsel.  Brian Abeles Affidavit, ECF No. 2-4, Page 25, ¶ 15. | October 15, 2014 |
| JAMS advises Feigenbaum and DDB to pay their share of the Arbitrator's and JAMS' fees on or before November 7, 2014 or JAMS will cancel the hearing. Feigenbaum and DDB pay all outstanding fees on November 7, 2014. ECF No. 2-4, Page 48. | October 30, 2014 |
| Feigenbaum and DDB asks Zuckerman | November 4, 2014 |

| | |
|---|---|
| Spaeder if the firm is withdrawing in Arbitration after learning that it withdrew from *Equitas v. David A. Bryant et al*, DC Superior Court 2014-CA-000804-B.  ECF No. 2-4, Pages 49-50. | |
| Zuckerman Spaeder formally withdraws from Arbitration proceeding.  ECF No. 2-4, Pages 53-55. | November 14, 2014 |
| Equitas serves motion to continue hearing from December 8, 2014 to unspecified date.  ECF No. 2-4, Page 56 and Exhibit 6. | November 26, 2014 |
| Thanksgiving | November 27, 2014 |
| Feigenbaum and DDB oppose continuance. ECF No. 2-4, Pages 57-58 , Exhibit 7.[6] | November 28, 2014 |
| Judge Robertson denies Equitas's motion. ECF No. 2-4, Page 59. | December 1, 2014 |
| Equitas files second motion to continue hearing to unspecified date.  ECF No. 2-4, Pages 60-64. | December 4, 2014 |
| Feigenbaum and DDB oppose motion.  Exhibit 8. | December 5, 2014 |
| Judge Robertson denies Equitas's motion. ECF No. 2-4, Pages 65-66, 67). | December 5, 2014 |
| Arbitration Hearing before Judge Robertson. *See* Award, ECF No. 2-4, Pages 7-13. | December 8, 9, 10, 2014 |
| Equitas makes post-hearing written arguments and submits more evidence.  *See* Award, ECF No. 2-4, Pages 7-13. | December 13, 2014 |
| Judge Robertson issues Award.  ECF No. 2-4, Pages 89-96. | December 15, 2014 |
| Arbitration Award is Final under JAMS Rule 19(j)[7] | December 30, 2014 |
| | |
| **POST ARBITRATION LAWSUITS** | **DATE** |
| Feigenbaum and DDB file action to confirm Award in Suffolk Superior Court in Boston. Exhibit 9. | February 12, 2015 |
| Feigenbaum and DDB complete service of | February 23, 2015 |

---

[6] Plaintiff attached this letter as exhibit N in support of the motion to vacate. However, page 2 of the letter was omitted. It is included in Exhibit 7 here.

[7] JAMS Rule 19(j) "The Award is considered final, for purposes of judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 20, fourteen (14) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award." See http://www.jamsadr.com/rules-streamlined-arbitration/ (last viewed June 8, 2015)

| | |
|---|---|
| Massachusetts Summons and Complaint on Equitas in D.C.  Exhibit 9. | |
| Equitas Files Suit in D.C. Superior Court.  ECF No. 2-4, Pages 2-5. | March 13, 2015 |
| Equitas Serves Motion to Stay Suffolk Superior Court.  Exhibit 9. | March 26, 2015 |
| Feigenbaum and DDB serve First Amended Complaint in Suffolk Superior Court seeking confirmation under the Federal Arbitration Act.  Exhibit 9. | April 8, 2015 |
| Equitas makes service on Feigenbaum and DDB in the D.C. Superior Court suit | April 13, 2015 and April 14, 2015 See DC Superior Court docket, ECF Document No. 5 in this case. |
| Feigenbaum and DDB remove D.C. Superior Court suit to U.S. District Court for the District of Columbia (USDC-DC) on grounds of diversity of citizenship.  ECF No. 2. | April 23, 2015 |
| Feigenbaum and DDB file Motion to Stay Action in USDC-DC.  ECF No. 9 and 12. | April 29, 2015 refiled on May 6, 2015 due to failure to meet and confer in advance |
| Suffolk Superior Court hears oral argument on motion to confirm and motion to stay.  Exhibit 9. | May 14, 2015 |
| Suffolk Superior Court enters order staying action and deferring to DC action to vacate or to confirm.  Exhibit 9. | May 15, 2015 |

This is not the first time that this Court has considered an effort to undue an arbitration award based on withdrawal of counsel prior to the merits hearing. *In Fairchild & Co. Inc. v. Richmond, F. and P. R. Co* this Court denied a motion to vacate under the FAA for failure to continue an arbitration hearing based on circumstances very similar to those asserted by Equitas.

> More specifically, Fairchild maintains that due to an unfortunate series of circumstances, a number of lawyers whom it retained were compelled to withdraw, with the result that it was unable to secure adequate legal representation for the purposes of the arbitration proceedings until shortly before they were commenced. Thus, it argues that a postponement had been necessary to permit it to adequately prepare for the hearing, and that the refusal to grant the same amounted to misconduct by the arbitrators.

*Fairchild & Co. Inc. v. Richmond, F. and P. R. Co.*, 516 F. Supp. 1305, 1313 (D.D.C. 1981)..

The Court noted that Fairchild had made the demand for arbitration yet remained unprepared for

the hearing six months after that demand. *Id.* at 1314.  In the present case, Equitas had demanded arbitration almost one full year before the scheduled hearing, but only requested a continuance based on unsubstantiated assertions of inability to replace counsel less than two weeks before the hearing, when the facts disclosed that Equitas had been having a strategic dispute with its counsel since July 2014.

Equitas had able counsel throughout the arbitration process.[8]  Also of consequence, Mr. Abeles, the sole owner of Equitas, had been a minority owner and chief operating officer of that law firm. During the three days of hearing he had the opportunity to call witnesses, and he did cross examine witnesses during the hearing.

To assure fairness overall Judge Robertson allowed the parties to submit post hearing evidence. Feigenbaum and DDB did not submit post-hearing briefs or evidence. In contrast, Equitas took advantage of Judge Robertson's offer and submitted additional arguments and affidavits after the hearing which Judge Robertson took into consideration prior to entering the Award on December 15, 2014.  *See* Award, ECF No. 2-4, Pages 7-13.

Equitas' strategic decision to seek a continuance just before the merits hearing does not support the conclusion that Judge Robertson was obligated to grant the request;  nor that Judge Robertson's decision to deny Equitas' request to indefinitely post-pone the arbitration was any less reasonable.  As a result, Equitas has not met its heavy burden proving that Judge Robertson failed to offer "any reasonable" basis for denying a continuance, or otherwise abused his discretion. Given this fact, this Court must deny the relief sought by Equitas and confirm Judge Robertson's Award.

---

[8] It is worth noting that the same counsel who now represent Equitas in this case had entered their appearance in this Court in early October, 2014 in Case No. 1:14-cv-01644.  That case included, among other issues, the same issues as Judge Robertson considered in the Arbitration.

**c.  A Continuance Would Not Have Resulted in a Difference Arbitration Finding by Judge Robertson.**

Whether analyzing Equitas claim for relief under either the  FAA or DC Arbitration Act Equitas has not demonstrated "sufficient cause" for its request for a continuance or that the denial of the continuance "prejudice[d] substantially the rights of" Equitas, 9 U.S.C. § 10 (a)(3); DC Code §16-4423(a)(3).  Equitas was permitted to and did attend the hearing.  Equitas has not offered reasonable proof how the presence of new counsel would have made a difference in the end.

Although Equitas asserts that that it was unable to call witnesses or present a substantive case, this was not the result of any prohibition on the part of the arbitrator. Under the relaxed rules of Arbitration, Equitas could have proffered witness testimony by video-connection or possibly by affidavits.  In fact, post-hearing, Equitas did submit testimony of a witness by affidavit.

The only assertion Equitas makes of how this prejudiced its presentation is that somehow it was unable to "adequately respond to testimony [Mr. Abeles] knew to be false." Memorandum in Support of Motion to Vacate at 5.  First, Mr. Abeles's bold assertion that certain testimony was false is not explained in detail as to its falsehood and the basis for proving that the testimony was false. Second, Mr. Abeles fails to explain why that testimony was material to the end result. As Judge Boasberg of this Court recently held in *Arma v. BAE Systems*, 961 F.Supp. 2d 245, 259 (D.D.C. 2013), even allegations of fraudulent representations or "perjured testimony" are insufficient to warrant vacating an arbitration award in the absence of  "any nexus between the purported fraud and the outcome of the arbitration." *Id.* In the end, Judge Robertson ruled that the underlying agreement were not enforceable, because Feigenbaum and DDB had

executed those agreements based on unilateral mistake attributed to either an intentional or negligent misrepresentation by Equitas' legal counsel.

Judge Robertson determined that Feigenbaum and DDB proved by a preponderance of the evidence that they had a legal defense to Equitas' claims pursuant to Restatement of Contracts (Second) §§ 153, 154.  Judge Robertson found:

> DDB and Mr. Feigenbaum have established by a preponderance of the evidence (a) that the SACCA did not require them to share fees for cases they already had, or cases that came their way after its execution, that were not generated through the Alliance marketing effort and/or that were not "Theory" cases, and (b) that they handled no such cases. They have further established by a preponderance of the evidence and by operation of the doctrine of unilateral mistake ( c) that the SACCA is and has been void if and to the extent it purports to require the sharing of fees for Non-CA/MT Disability Claims that were not generated from the common marketing defense fund, and (d) that there were no such cases.

*See* Judge Robertson Award December 15, 2014.  As a result, even if Judge Robertson had granted Equitas' request for a continuance, the outcome of the arbitration hearing would have been the same.

## Conclusion

As the Supreme Court has observed, "[o]n application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected.' " *Owen-Williams v. BB & T Inv. Servs., Inc.*, 717 F. Supp. 2d 1, 20 (D.D.C. 2010) *quoting Hall St. Associates, L.L.C. v. Mattel, Inc., 5*52 U.S. 576, 587, 128 S. Ct. 1396, 1405, 170 L. Ed. 2d 254 (2008).  Under the Federal Arbitration Act ("FAA"), the Supreme Court has been explicit requiring confirmation unless the award is vacated, modified or corrected. *Id*.  This is a directive without wiggle room.  For the reasons set-forth *infra*, this Court should deny Equitas' motion to vacate, and instead should confirm the Award.

Dated this 8th day of June 2015

Respectfully submitted,

THOMPSON O'DONNELL, LLP

*/s/ Randell Hunt Norton*
Randell Hunt Norton, # 187716
rhn@tomnh.com
Kenneth G. Stallard, # 419443
kgs@tomnh.com
Autumn R. Agans, # 1020665
ara@tomnh.com
4100 N. Fairfax Drive, Suite 740
Arlington, VA 22203
202.289.1133

*Attorneys for Defendants*
*Jonathan Feigenbaum*
*Daley, DeBofsky and Bryant P.C.*