IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUITAS DISABILITY ADVOCATES, LLC<br><br>Plaintiff,<br><br>v.<br><br>DALEY, DEBOFSKY AND BRYANT P.C.,<br>and JONATHAN FEIGENBAUM,<br><br>Defendants. | Case No. 1:15-CV-00611-RDM |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND**

Plaintiff Equitas Disability Advocates LLC ("Equitas") respectfully submits this Reply in Support of Its Motion To Remand.

Plaintiff's Motion To Remand rest upon the single proposition that remand is required because the parties agreed in their contracts that the District of Columbia Superior Court would have exclusive jurisdiction over proceedings brought under the D.C. Revised Uniform Arbitration Act. Plaintiff brought its motion to vacate the arbitration award in the Superior Court as agreed, and Defendants improperly removed the case to this Court.

Defendants assert that the contracts did not select the Superior Court as the exclusive forum, and that they have defenses predicated on the Federal Arbitration Act. However, Defendants have not disputed any of the facts upon which Plaintiff bases its motion, and the Defendants' defenses on the merits are properly submitted to the Superior Court on remand.

1

I. **THE PARTIES SELECTED THE D.C. SUPERIOR COURT AS THE EXCLUSIVE FORUM FOR PROCEEDING REGARDING THE ARBITRATION AWARD.**

It is undisputed that the parties in their contract agreed that their rights and obligations would be governed by District of Columbia law, and that they agreed to arbitrate their disputes in the District of Columbia. It is undisputed that, at the time the parties made that agreement and thereafter, D.C. law provided that an agreement to arbitrate in the District of Columbia conferred exclusive jurisdiction on the D.C. Superior Court to enter judgment on the arbitration award. Because the parties thereby agreed that proceedings regarding the award would be brought exclusively in the D.C. Superior Court, the case must be remanded to the contractually selected forum. Defendants have not disputed the fact that a valid forum selection agreement would render improper their removal of the case to this Court.

Removal of the case from Superior Court to this Court was not the Defendants' only breach of the dispute resolution agreement. Despite having agreed to be governed by D.C. law and to arbitrate in D.C., Defendants sought to have the award confirmed in Massachusetts under the Massachusetts arbitration statute. Under the D.C. statute, motions to vacate can be brought within 90 days after receipt of the award, but under the Massachusetts statute motions to vacate must be brought in 30 days. On February 12, 2015, Defendants brought suit in Massachusetts to confirm the award, representing to the Massachusetts court that the time seeking vacatur had already run. *See* Exhibit A, Complaint in Massachusetts action, ¶ 19 ("Equitas did not file and served timely civil action to vacate the award."). Defendants' amended complaint in Massachusetts made the point explicitly. Doc. 12-2 at 9 ¶ 32 ("Equitas did not file and serve a timely civil action to vacate the award within 30 days of December 30, 2014 as required under MASS.GEN.L. c. 251 § 12(b)."). As Plaintiff explained in its motion to remand, the express

purpose of the "exclusive jurisdiction" requirement in D.C. Code was to prevent just this kind of forum shopping. When presented with the facts and the terms of the parties' agreements, the Massachusetts court quite properly called a halt to the proceedings there. *See* Doc. 16-3 at 46, docket sheet setting out the court's order.

To escape their agreement in this Court, Defendants assert that they did not really agree to select the Superior Court as the exclusive forum because the contract contains no specific language making the Superior Court as the exclusive forum. Under D.C. law, however, laws in effect at the time of the making of a contract form a part of the contract "as fully as if they had been expressly referred to or incorporated in its terms." Double H. Housing Corp. v. Big Wash, Inc., 799 A.2d 1195, 1199 (D.C. 2002) *quoting* Farmers & Merchants Bank of Monroe v. Federal Reserve Bank of Richmond, 262 U.S. 649, 660 (1923). As a result, under the governing law, the exclusive jurisdiction of the Superior Court was part of the contract as if it had been expressly stated.

Defendants assert that Equitas is seeking to rewrite the agreements in a "last ditch effort" by relying upon the D.C. statute. However, as the Court of Appeals has explained,

> Since the law in effect at the time of the contract is deemed to be a part of it, construing the contract consistent with the law then in effect does not introduce a new or different element. It simply recognizes an element that existed at the time the parties made the agreement and that formed a part of the contract.

Akassy v. William Penn Apartments L.P., 891 A.2d 291, 301 (D.C. 2006). Because the DCRAA was incorporated as a matter of law, the lack of a specific reference is irrelevant.

Defendants assert that the JAMS Rules, which were agreed to by the parties, provide for enforcement of awards under the Federal Arbitration Act. However, the JAMS rules actually refer to either the Federal Arbitration Act "or applicable state law," *see* Doc. 15, Opposition at 4, and both of the contracts at issue stated, "The provisions of this Agreement shall prevail in case

3

of inconsistency between the Rules of Arbitration and this Agreement." *See* Doc. 2-4 at 42 and 44. Thus, to the extent the standard-form JAMS rules provided for either the DCRAA or the FAA, the Agreements selected the D.C. Superior Court as the exclusive forum, and the Agreements govern.

Defendants assert that each of the Agreements stated, "Judgment may be entered into in any court of competent jurisdiction to enforce any final decision by the arbitrator." This does not change the outcome, either. Because the Agreements elsewhere selected the D.C. Superior Court as the exclusive forum, there was only one "court of competent jurisdiction." Moreover, under the governing D.C. statute, the selection of the Superior Court as the exclusive forum was not-waiveable prior to the time a dispute arose:

> (b) Before a controversy arises that is subject to an agreement to arbitrate, a party to the agreement may not:
>
> (1) Waive or agree to vary the effect of the requirements of §§ … 16-4426 …

D.C. Code § 16-4404(b). Thus, there is only one interpretation of the Agreements that gives meaning to all of their terms -- the parties agreed to the exclusive jurisdiction of the Superior Court.[1] Because the parties contractually selected the Superior Court as the forum for resolution of this case, removal was improper and the case must be remanded.

## II. DEFENDANTS' ARGUMENTS GOING TO THE MERITS MUST BE MADE TO THE SUPERIOR COURT ON REMAND.-

Defendants contend that "Equitas' motion to vacate the Award under the D.C. Arbitration Act is pre-empted under FAA." Opposition at 2. Of course, federal statutes do not pre-empt "motions" – they pre-empt state statutes that conflict with the federal statutes. Defendants have

---

[1] The "exclusive jurisdiction" of the Superior Court is waiveable after the dispute arises. D.C. Code § 4404(a). At that time, the parties could have agreed upon additional venues for proceedings regarding the award, each of which would be a "court of competent jurisdiction." Again, this prevents parties from seeking to gain unfair advantages through forum shopping.

4

not identified which statute they say is pre-empted, and appear to be arguing that the procedures available under state arbitration statutes cannot be used at all when the contract at issue involves interstate commerce. However, that is not the law and no court has so held. In <u>Volt Info. Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ</u>., 489 U.S. 468, 477 (1989), the Court ruled that because the Federal Arbitration Act "contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration," the question to be answered on pre-emption was whether application of the specific state statute at issue "would undermine the goals and policies of the FAA." 489 U.S. at 477-478. The Court concluded that the primary purpose of the FAA was to "ensur[e] that private agreements to arbitrate are enforced according to their terms," and that "[w]here, as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA[.]" Id. at 479.

In any event, the pre-emption argument that Defendants seek to make here – that the DCRAA does not apply – is a defense to the action brought under the DCRAA to vacate the award. And that proceeding was brought pursuant to the parties' agreement that proceedings under the DCRAA relating to an arbitration award would occur exclusively in Superior Court. As a result, arguments that go to the merits must be presented to the Superior Court on remand.

Plaintiff notes that Defendants have not argued that the FAA pre-empts the D.C. statute mandating that the D.C. Superior Court be the exclusive forum for resolution of cases brought under the D.C. Revised Uniform Arbitration Act. Nor could they. The FAA does not occupy the entire field of arbitration, <u>Volt</u>, *supra*, and there is no federal statute fixing venue over cases brought under state law arbitration statutes. Indeed, the FAA does not itself even provide exclusive venue for cases brought under the FAA. See <u>Cortez Byrd Chips, Inc. v. Bill Harbert</u>

5

Constr. Co., 529 U.S. 193 (2000) (FAA venue provisions are permissive).  Accordingly, the statutes involved here, the incorporation of which results in an agreement to fix exclusive jurisdiction in the Superior Court, are not pre-empted.

## CONCLUSION

For the foregoing reasons, the undisputed facts show establish that the parties agreed to the D.C. Superior Court as the exclusive forum for the resolution of this proceeding.  Therefore, removal to this Court was improper, and the case must be remanded to the Superior Court.  Any arguments going to the merits must be submitted to the Superior Court on remand.

Dated:  June 12, 2015.

                    Respectfully submitted,

                      /s/ Eric C. Rowe
                  Eric C. Rowe (DCBN 466182)
                  WHITEFORD TAYLOR & PRESTON LLP
                  1025 Connecticut Avenue NW, Suite 400
                  Washington, DC  20036
                  Tel:  (202) 659-6800
                  Fax: (202) 331-0573
                  erowe@wtplaw.com

COPY

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS          SUPERIOR COURT
                                     No.

| | |
|---|---|
| JONATHAN M. FEIGENBAUM<br>DALEY DEBOFKSY & BRYANT, PC<br>Plaintiff, | )<br>)<br>)<br>) |
| v. | ) |
| EQUITAS DISABILITY ADVOCATES LLC<br>Defendant | )<br>)<br>) |

15-0392B

RECEIVED FEB 1 2 2015 SUPERIOR COURT - CIVIL JOSEPH DONOVAN CLERK / MAGISTRATE

## COMPLAINT TO CONFIRM ARBITRATION AWARD

Plaintiff Jonathan M. Feigenbaum and Daley DeBofsky & Bryant, PC brings this action under Mass. Gen. L. c. 251 to confirm an arbitration award dated December 15, 2014.

On December 15, 2014, retired United States District Judge, James Robertson ("Judge Robertson") employed by JAMS as an Arbitrator entered an award in favor of plaintiffs Jonathan M. Feigenbaum and Daley, DeBofsky & Bryant, PC in the sum of $24,562.06 against defendant Equitas Disability Advocates LLC.

Judge Robertson further ordered that Equitas Disability Advocates LLC shall take nothing against plaintiffs Jonathan M. Feigenbaum and Daley, DeBofsky & Bryant, PC.

Equitas Disability Advocates LLC has not paid the sum awarded, and Equitas Disability Advocates LLC has not filed and served an action to vacate the award.

1


EXHIBIT A

## PARTIES

1. The Plaintiff Jonathan M. Feigenbaum ("Feigenbaum") is an individual having a law firm at 184 High Street, Boston, Suffolk County, Massachusetts.

2. The Plaintiff is Daley DeBofsky & Bryant, PC ("DDB") a dissolved Illinois Professional Corporation, that formerly was a law firm located in Chicago, Illinois. DDB acts through David A. Bryant, Esquire of Chicago, Cook County, Illinois, after its dissolution.

3. The Defendant Equitas Disability Advocates LLC ("Equitas") is a limited liability company formed under the laws of the District of Columbia having a place of business registered with the District of Columbia corporations division as 1717 Pennsylvania Avenue, NW, Suite 625, Washington, CD 20006.

4. Equitas was once a law firm, when Joshua N. Rose, Esquire was a member, and now is owned and controlled by Brian Abeles, its sole equity interest holder, who is not an attorney.

5. Joshua N. Rose, Esquire resigned from Equitas in or about 2011, and tendered his entire right, title and interest in Equitas to either Equitas or Brian Abeles.

6. The resident agent for Equitas is CT Corporation System, 1015 15th Street, Suite 1000, Washington DC 20005

## JURISDICTION AND VENUE

7. Personal jurisdiction is predicated against Equitas as its sole current owner Brian Abeles ("Abeles") did the following acts while in the Commonwealth of Massachusetts or directed to Feigenbaum while in the Commonwealth of Massachusetts:

2

    a. Beginning in June 2007 Abeles traveled to Boston to attend the American Conference Institute annual conference on Litigating Disability Insurance Claims held at the Parker House Hotel, in Boston, Massachusetts.

    b. After Feigenbaum and David A. Bryant ("Bryant") made a joint presentation in June 2007, Abeles approached Feigenbaum and Bryant and said he had information to share. They went to lunch at the Silvertone Bar & Grille on Bromfield Street, in Boston. This was the beginning of an almost 2 year process whereby Abeles, through Equitas, solicited Feigenbaum to enter into agreements with various law firms for the purpose of litigating disability insurance claims.

    c. Through 2007 and into 2009, Abeles, and the co-owner of Equitas, Joshua N. Rose, Esquire sent back and forth to Feigenbaum hundreds of emails, made many telephone calls to Feigenbaum and sent many drafts of contracts to Feigenbaum while Feigenbaum was in Boston.

    d. Eventually Feigenbaum executed various contracts in Boston with Equitas f/k/a Fulcrum Law Group LLC.

    e. In June 2008, Abeles again attended American Conference Institute annual conference on Litigating Disability Insurance Claims held in Boston, Massachusetts and for the purpose of discussing various agreements with Feigenbaum and DDB while in Boston.

    f. Feigenbaum executed one or more contracts with Equitas while Abeles was present in June 2008.

8. Plaintiff is an attorney practicing law in Boston, Suffolk County, Massachusetts.

9. This action arises under Mass. Gen. L. c. 251 §16 which provides for subject matter jurisdiction in the Superior Courts.

## FACT COMMON TO ALL COUNTS

10. On December 20, 2013 Equitas made a demand for Arbitration against Feigenbaum and others stylized as <u>Equitas Disability Advocates LLC Claimant v. Daley, DeBofsky & Bryant LLC and Jonathan M. Feigenbaum, Respondents</u> as JAMS Streamlined Arbitration No. 1410006450.

11. The correct identity for Daley, DeBofsky & Bryant LLC is Daley, DeBofsky & Bryant PC.

12. Equitas' served an arbitration demand on Feigenbaum, DDB and others that is attached as EXHIBIT A.

13. Beginning on December 8, 2014, Judge Robertson conducted a merits hearing at the Washington, DC office of JAMS, attended by Feigenbaum, DDB and Equitas.

14. On December 15, 2014, Judge Robertson entered a written award ("Award") attached as EXHIBIT B.

15. On December 15, 2014, JAMS delivered by email the Award to Feigenbaum, DDB and Equitas, and on December 15, 2014, mailed copies of the Award to Feigenbaum DDB, Equitas and others.

16. Judge Robertson awarded nothing to Equitas.

17. Judge Robertson awarded to Feigenbaum and DDB the sum of $24,562.06.

18. Under JAMS Streamline Arbitration Rules effective July 1, 2014, the Award became final on December 30, 2014.

4

19. Equitas did not file and serve a timely civil action to vacate the Award.

20. Equitas has not paid the amount of the Award, $24,562.06 to either Feigenbaum or to DDB.

21. There is no just reason not to confirm the arbitration award in accordance with MASS. GEN. L. c. 251, §11.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs Jonathan M. Feigenbaum and Daley, DeBofsky & Bryant PC pray for judgment as follows:

A. That the arbitration award attached as EXHIBIT B be accepted and confirmed and that judgment be entered thereon ordering defendant Equitas Disability Advocates LLC to pay to Feigenbaum and Daley DeBofsky & Bryant, PC the sum of $24,562.06 with interest thereon and costs of this action.

B. All other relief that this Court deems meet and proper.

Respectfully submitted

*/s/ Sean K. Collins/*

Sean K. Collins
B.B.O. #687158
184 High Street, Suite 503
Boston, MA 02110
p: (617) 320-8485
f: (617) 227-2843
Sean@neinsurancelaw.com

5